## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-CV-22294-RAR

**TOMAS LOPEZ,**

Plaintiff,

v.

**THE VILLAS AT UNIVERSITY SQUARE CONDOMINIUM ASSOCIATION, INC.**, *et al.*,

Defendants.

_____/

### JOINT MOTION FOR ORDER OF DISMISSAL RETAINING JURISDICTION TO ENFORCE TERMS OF SETTLEMENT <u>AGREEMENT</u>

Plaintiff, Tomas Lopez, and Defendants, The Villas at University Square

Condominium Association, Inc. (Villas Association), VTE Consulting, LLC,

(VTE) Pedro Prieto (Prieto), and Valentin Escribano (Escribano) (collectively the

"Parties"), jointly move this Honorable Court to enter an Order, pursuant to Fed. R.

Civ. P. 41(a)(2), to resolve the above-styled as follows:

1. In April, 2022, Plaintiff filed an administrative complaint for housing discrimination against three of the Defendants – Villas Association, Prieto, and Escribano – named in the instant action.

2. Plaintiff's administrative complaint alleged that his requests for reasonable accommodation and modification had been unlawfully denied.

3. Plaintiff later filed a petition for relief with the Division of Administrative Hearings (DOAH petition for relief) asserting the same violations of his right to reasonable accommodation and modification pursuant to the Fair Housing Act.

4. The parties to the DOAH petition for relief attended alternative dispute resolution and executed a settlement (DOAH Settlement Agreement) that resolved all of Plaintiff's claims then pending before DOAH.

5. Plaintiff filed a complaint in this Court on May 20, 2025, alleging that Defendants breached the DOAH Settlement Agreement and discriminated against him in violation of the Fair Housing Act including by retaliating against him in response to his prosecution of the DOAH petition for relief.

6. Defendants responded to Plaintiff's Complaint on September 8, 2025.

7. On September 10, the Parties' attended court-ordered mediation.

8. Mediation was successful and the Parties executed a Settlement Agreement and Mutual Release (Settlement Agreement) that is attached to this joint motion as Exhibit A and completely resolves the issues between the Parties.

9. The Settlement Agreement is, per its terms, contingent upon this Court retaining jurisdiction to enforce the Settlement Agreement.

10. The Settlement Agreement provides for monetary relief and also non-monetary relief that must be accomplished over a period of time.

11. The Settlement Agreement provides that:

   a. Defendants have 30 days from execution to pay Plaintiff a portion of the total monetary settlement amount and 180 days from execution to pay Plaintiff the remaining portion of the total monetary settlement amount;

   b. Defendants have 45 days from execution to adopt the fair housing policies and forms that are attached to the Settlement Agreement;

   c. Defendants have 45 days from execution to issue Plaintiff an additional parking decal; and

    d. Defendants have 45 days from execution to modify or repair

Plaintiff's parking space so that it is substantially similar in location,

size and layout to the parking space pictured below; and to have an

ADA-compliant ramp installed in the white-striped portion of the

parking space.



12. The Parties agree that the Court should retain jurisdiction for the sole

purpose of enforcement of the terms of the attached Settlement Agreement

until May 11, 2026, and that the Court should otherwise dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

13. The Parties request that the Settlement Agreement shall only be enforced under a breach of contract standard in the United States Southern District Court – Miami Division.

14. As discussed in more detail below, the Parties respectfully request that the Court grant this Joint Motion pursuant to <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375 (1994), and enter an Order of Dismissal pursuant to Fed. R. Civ. P. 41(a)(2) explicitly retaining jurisdiction to enforce the terms of the attached Settlement Agreement.

## <u>MEMORANDUM OF LAW</u>

### Legal Standard

Courts have the discretion to enter, pursuant to Fed. R. Civ. P. 41(a)(2), a dismissal order retaining ancillary jurisdiction to enforce the terms of a settlement agreement. <u>Kokkonen</u>, 511 U.S. 375 at 381 (finding that pursuant to a court ordered dismissal under Fed. R. Civ. P. 41(a)(2) "the parties' compliance with the terms of a settlement contract (or the court's 'retention of jurisdiction' over the

settlement contract) may, in the court's discretion, be one of the terms set forth in the order."). There is a "strong judicial policy favoring settlement as well as the realization that that compromise is the essence of settlement." Bennet v. Behring Corp., 737 F. 2d 982, 986 (11th Cir. 1984).

As set forth in Paragraphs 8-11 above, the Parties have been able to, through diligent negotiation, set forth remedies that are well tailored to address the claims alleged in Plaintiffs' Complaint. To ensure compliance with the Settlement Agreement, the Parties request that the Court exercise its discretion to enter an Order, pursuant to Fed. R. Civ. P. 41(a)(2), retaining jurisdiction to enforce the terms of the Settlement Agreement but otherwise dismissing the Plaintiffs' claims with prejudice. Entering such an Order will promote the "strong judicial policy favoring settlement…" Bennet at 986.

## Conclusion

The Parties agree that the Settlement Agreement, as properly implemented, resolves all claims alleged in the Complaint and that, by the Court retaining jurisdiction for the limited purpose of enforcing its terms, the Court is more likely to accomplish the goals of the Fair Housing Act, minimize litigation expenses, and

respect judicial economy than it would through an order imposed at the end of

expensive and protracted litigation.

WHEREFORE, the Parties jointly request that this Court enter an Order

retaining jurisdiction for the limited purposes of enforcing the terms of the

Settlement Agreement and otherwise dismissing Plaintiff's claims with prejudice

Fed. R. Civ. P. 41(a)(2).

Respectfully Submitted,


/s/ Katherine Hanson                        /s/ Miguel Espinosa
Katherine Hanson, Esq.                       Miguel Espinosa, Esq.
Florida Bar No. 0071933                    Florida Bar No. 1004955
Florida Legal Services, Inc.                Vernis & Bowling of Miami, P.A.
PO Box 533986                               1680 N.W. 135th Street
Orlando, FL 32853-3986                      Miami, FL 33181
Phone: (407) 801-6593                       Phone: (305) 895-3035
Katherine.Hanson@floridalegal.org           Mespinosa@florida-law.com
Counsel for Plaintiff                        Counsel for Defendants


I HEREBY CERTIFY that, on October 14, 2025, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF which will send

notification of this filing to all counsel of record in this action.

 /s/Katherine Hanson
Katherine Hanson, Esq.
Attorney

Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

Effective on the date both parties fully execute this document, TOMAS LOPEZ (referred to as "Lopez") and THE VILLAS AT UNIVERSITY SQUARE CONDOMINIUM ASSOCIATION, INC. (referred to as "Villas"), VTE CONSULTING, LLC (referred to as "VTE"), PEDRO PRIETO (referred to as "Prieto"), VALENTIN ESCRIBANO (referred to as "Escribano"), and PHILADELPHIA INDEMNITY INSURANCE COMPANY (referred to as "Insurer") (Villas, VTE, Prieto, Escribano, and Insurer collectively referred to as "Defendants") enter into this SETTLEMENT AGREEMENT AND MUTUAL RELEASE (referred to as the "Settlement Agreement") for the purpose of settling a civil action, *Lopez v. The Villas at University Square Condominium Association, Inc, VTE Consulting, LLC, Pedro Prieto and Valentin Escribano*, Case No.: 25-CV-22294-RAR, filed in the United States District Court in and for the Southern District of Florida (referred to as the "Litigation").  The parties agree:

1.    **Retention of Jurisdiction** – The parties agree that this Settlement Agreement is contingent upon the District Court before which the Litigation is pending retaining jurisdiction to enforce all the terms and performances of duties contained within this Settlement Agreement. The parties agree to file a Joint Motion for Order of Dismissal which includes a request for the District Court to

retain jurisdiction to enforce the terms and performance of duties within this Settlement Agreement. The parties agree that the requested retention of jurisdiction will be for a duration of seven (7) months from the date the parties complete execution of the Settlement Agreement or for a different duration if the District Court deems a different duration to be appropriate. The parties acknowledge that this Settlement Agreement will be part of the District Court's record in this action and will not be made confidential.

2.    **Accessible Parking Space and Ramp** – On or before the forty-fifth (45th) day from the date the parties complete execution of this Settlement Agreement, Villas, VTE, Prieto, and Escribano shall modify and repair Lopez's parking space located outside of his condominium unit (Unit 2408) such that it is substantially similar in location, dimension, and layout to the parking space pictured below (located in Paragraph 56 of Lopez's Complaint in the Litigation):



Villas, VTE, Prieto, and Escribano will ensure that the modified and repaired parking space's parking bumper will not be in front of any portion of any power pole or concrete pillar. Contemporaneously, Villas and VTE will install an ADA-compliant ramp – made of either concrete or steel – by and through a licensed contractor within the white striped portion of the parking space and affixed safely and securely to the tiled patio located in front of Lopez's condominium unit. Following the completion of the modification and repair of Lopez's parking space, Defendants will not modify, alter, or reduce in any dimension Lopez's parking space except upon Lopez's request, with Lopez's

written consent, or Lopez's surrender of possession of his condominium unit following the sale of the condominium unit.

3.      **Issuance of Parking Decals** – On or before the forty-fifth (45th) day from the date the parties complete execution of this Settlement Agreement, Villas and VTE will make available to Lopez a third parking decal for his condominium unit. When Lopez applies for the third parking decal, Lopez will provide the make, model, and license plate number of the vehicle on which the decal will be used together with any other information required by Villas or VTE as part of their ordinary and enforceable policies for issuance of a parking decal. The parties agree that Lopez (a) may request the parking decal at any time following the forty-fifth (45th) day from the date the parties complete execution of this Settlement Agreement, and (b) does not waive any right to the third parking decal from any delay in requesting its issuance to him.

4.      **Fair Housing Policies** - On or before the forty-fifth (45th) day from the date the parties complete execution of this Settlement Agreement, Villas and VTE will adopt and implement the reasonable accommodation policy and forms that are attached to this Settlement Agreement as Exhibit 1. Contemporaneous with the adoption and implementation of the policy and forms, Villas and VTE will provide notice to all condominium unit owners, tenants, and occupants of the adoption and implementation of the policy and forms.

5.   **Settlement Payments by Defendants** – Defendants will pay a total of $85,000.00 to Lopez in full and permanent resolution of all claims and causes of action Lopez possesses against Defendants in the Litigation and in full and permanent resolution of all claims or causes of action that Lopez may possess against Defendants arising out of the same operative transactions or occurrences as the Litigation. The parties agree that this settlement payment does not operate as an admission of liability as to any claim brought by Lopez against Defendants and should not be construed by any person or entity as an admission of liability by Defendants, who have denied liability. The parties agree that the settlement payment will be separated into two separate payments that equal the total $85,000.00 payable to Lopez.

On or before the thirtieth (30th) day from the date the parties complete execution of this Settlement Agreement and Lopez, Florida Legal Services, Inc., Disability Rights Florida, Inc., and Henrichsen Law Group, PLLC provide to Defendants completed IRS Form W-9s for 2025, the Insurer will pay $50,000.00 to Lopez. Insurer will remit the settlement payment of $50,000.00 by wire or check made payable to Lopez, Disability Rights Florida, Inc., Florida Legal Services, Inc., and Henrichsen Law Group, PLLC c/o Florida Legal Services (Fed. Tax ID No. 59-1436126). The Insurer agrees that it will remit the following information to the IRS regarding the division of its funds to Lopez: $44,000.00 for Lopez;

$2,500.00 for Florida Legal Services, Inc.; $2,500.00 for Disability Rights Florida, Inc.; and $1,000.00 for Henrichsen Law Group, PLLC.

On or before the one hundred and eightieth (180th) day from the date the parties complete execution of this Settlement Agreement and Lopez provides to Villas and VTE a completed IRS Form W-9 for 2026, Villas will pay $35,000.00 to Lopez. Villas will remit the settlement payment of $35,000.00 by wire or check made payable to Lopez c/o Florida Legal Services (Fed. Tax ID No. 59-1436126). Villas agrees that it will remit the following information to the IRS regarding the division of its funds to Lopez: $35,000.00 to Lopez.

6. **Release of Claims against Lopez by Defendants** – Defendants, collectively and in their individual capacities, release Lopez from any liability for any and all claims or causes of action which could have been raised by Defendants, whether in connection with the Litigation or otherwise, against Lopez predating the complete execution of this Settlement Agreement.

7. **Release of Claims by Lopez** – Lopez, together with any person appointed as agent on his behalf, hereby releases, acquits, satisfies, and forever discharges the Defendants, collectively and in their individual capacities, including any and all of their employees, present or past officers and directors, unit owners, members, property managers, heirs, successors, assigns, agents, and insurers (including Philadelphia Indemnity Insurance Company), from any and all

manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which Lopez ever had, now has, or which any personal representative, successor, heir or assign of Lopez, hereafter can, shall or may have on account of, or in any way connected to the allegations contained in the Litigation and all claims or causes of action that Lopez may possess against Defendants from the inception of time to the date this agreement is executed. The parties agree that this release includes a release of all active and vicarious liability, including a release of any person or entity who would be vicariously responsible for the acts of Defendants. Lopez affirms that Defendants and their representatives, employees, insurers (including Philadelphia Indemnity Insurance Company), attorneys or agents, do not have any knowledge of, or control over how Lopez, to whom payments will be made, will report the receipt of the settlement payments to applicable tax authorities. Accordingly, it is agreed that Lopez shall be solely responsible for meeting the reporting obligations (if any), regarding the receipt of such settlement payments and remitting to federal and state tax authorities any applicable taxes due thereon, and shall indemnify and hold harmless Defendants and Philadelphia Indemnity Insurance Company from and

against all liabilities, costs and expenses relating in any way to the tax treatment of such settlement payments from Defendants pursuant to this Agreement. It is further expressly understood and agreed that Lopez has not relied whatsoever upon any advice from the Defendants, Philadelphia Indemnity Insurance Company, or the Releasees as to the taxability, whether pursuant to federal, state or local income tax statutes or regulations, or otherwise, of the settlement payments made and consideration transferred hereunder.

Lopez  and his attorneys further hereby represent and warrant that any and all Medicare liens, Medicaid liens, insurer's liens, worker's compensation liens, attorney's fee liens, hospital liens, subrogation claims, assigned benefits, letters of protection, and/or outstanding medical expenses arising from or related to the claim(s) made in the Litigation, on the proceeds of the settlement, have been or will be resolved by Lopez without any further liability or obligation by the Defendants released herein.

In addition to the release set forth above and in consideration of the payments set forth in this Agreement, Lopez hereby waives any cause of action and/or Private Cause of Action under 42 US Code §1395y (b)(3)(A), and releases and forever discharges Defendants from any obligations, from any claim, known or unknown, arising out of the failure of Defendants to provide

for a primary payment or appropriate reimbursement pursuant to 42 US Code §1395y (b)(3)A.

Further, Lopez has considered the disputed nature of the liability claim against Defendants. It is understood and agreed that any action or decision by the Center for Medicare and Medicaid Services (CMS) on Lopez's eligibility or entitlement to Medicare will not render this release void or ineffective or in any way affect the finality of this settlement. Lopez agrees and understands that any such bills, claims, causes of action or liens, subrogated or otherwise, held or claimed by any entity or person (including an insurance carrier, employer, former employer or governmental or public agency) paid or to be paid on behalf of Lopez related to the Lawsuit shall be paid by Lopez.

8.    **<u>Limitations on Special Assessment or Other Charges</u>** – The parties agree that Villas, VTE, Prieto, and Escribano may fund the $35,000.00 settlement payment described in Paragraph 5 above by requiring a special assessment of the unit owners within the condominium association as set forth by Chapter 718, Florida Statutes. In so doing, Villas, VTE, Prieto, and Escribano will not levy or charge any special assessment against Lopez's condominium unit or its owner, Christopher Lopez, to fund the settlement payment. Villas, VTE, Prieto, and Escribano will also refrain from levying or charging Lopez, Christopher Lopez, or Lopez's condominium unit for any administrative costs, court costs, attorneys

fees, or other amounts expended by Villas, VTE, Prieto, or Escribano in connection with the special assessment to fund the settlement or the Litigation.

9.      **Mediation Fee** – On or before the thirtieth (30th) day from the date the parties complete execution of this Settlement Agreement, Defendants will pay all amounts due to the mediator who facilitated the mediation held on September 10, 2025.

10.     **Novation of Prior Settlement** – The parties agree that this Settlement Agreement novates and replaces in full the Settlement Agreement and Mutual Release filed in Division of Administrative Hearings Case No.: 24-001925 and fully executed on July 19, 2024. The parties agree that the novation renders that previous Settlement Agreement and Mutual Release void.

11.     **Enforcement through Reserved Jurisdiction** – The parties agree that the reservation of jurisdiction in Paragraph 1 enables the District Court to enforce by order the non-performance of any duty contained within this Settlement Agreement. If Lopez or Defendants seek the District Court's enforcement of this Settlement Agreement, then the parties agree that the non-prevailing party will be responsible for the prevailing party's reasonable attorneys' fees and court costs in connection with the enforcement of this Settlement Agreement. To demonstrate good faith and to avoid unnecessary congestion of the District Court's docket, if any party believes that a party bound by this Settlement

Agreement has failed to perform a duty, then the party will provide the other party(ies) with notice of the failure to perform and will allow ten (10) business days from the date the notice is sent for the purportedly breaching party to cure any failure to perform prior to seeking enforcement by the District Court.

12. **Dismissal of All Claims** - On or before the tenth (10th) day from the date the parties complete execution of this Settlement Agreement, the parties will file their Joint Motion for Order of Dismissal which will request the District Court dismiss with prejudice all claims presented by Lopez within the Litigation. The parties agree that this Settlement Agreement replaces those claims with separately enforceable contractual duties.

13. **Advice of Counsel** – The parties acknowledge that each party has had a full opportunity to review this Settlement Agreement with an attorney. The parties acknowledge that this Settlement Agreement is the product of oral and written negotiations. The parties acknowledge that they have carefully read and fully understand the provisions of this Settlement Agreement, and that they had a full opportunity to inquire of an attorney any concerns or apprehensions they possessed.

14. **Voluntariness of Agreement** – The parties acknowledge that each has entered into this Settlement Agreement freely and voluntarily.

15.   **<u>Subsequent Modification of Agreement</u>** – The parties may further modify this Settlement Agreement only by written modifications signed by all the parties to this Settlement Agreement.

16.   **<u>Entirety of Agreement</u>** – This Settlement Agreement sets forth the entire agreement and understanding among the parties as to the matters specified herein, and supersedes and replaces all prior negotiations, agreements, or proposed agreements on this subject matter, whether those negotiations, agreements, or proposed agreements were written or oral.   There is no understanding, agreement, or representation, whether written or oral, not set forth in this Settlement Agreement.

17.   **<u>Translation of Agreement</u>** – This Settlement Agreement has been translated from English into Spanish by an interpreter chosen by Prieto for his benefit, individually and on behalf of Villas. Through his signature below, Prieto affirms that he (individually and as president and agent of Villas) understands, accepts, and agrees to the terms of this Settlement Agreement.

## **Signatures to Settlement Agreement**

This Settlement Agreement is hereby signed and affirmed by Pedro Prieto,

in his capacity as Board President of The Villas at University Square

Condominium Association, Inc.

_____

Pedro Prieto
for The Villas at University Square
Condominium Association, Inc.
1840 W. 49th Street, Ste. 233
Hialeah, FL 33012

10-9-25
Date

This Settlement Agreement is hereby signed and affirmed by Pedro Prieto,

in his individual capacity.

_____

Pedro Prieto
1840 W. 49th Street, Ste. 233
Hialeah, FL 33012

10-9-25
Date

This Settlement Agreement is hereby signed and affirmed by Valentin Escribano, in his capacity as Owner of VTE Consulting, LLC.

_VTE_

10/7/2025

Valentin Escribano
for VTE Consulting, LLC
1840 W. 49th Street, Ste. 233
Hialeah, FL 33012

Date

This Settlement Agreement is hereby signed and affirmed by Valentin Escribano, in his individual capacity.

_VTE_

10/7/2025

Valentin Escribano
5995 NW 110th Street
Hialeah, FL 33012

Date

This Settlement Agreement is hereby signed and affirmed by Tomas Lopez.

tomas lopez (Oct 7, 2025 10:22:56 EDT)

10/07/2025

Tomas Lopez
1813 SW 107 Avenue, Unit 2408
Miami, FL 33165

Date

Exhibit 6

## **VILLAS AT UNIVERSITY SQUARE'S POLICY ON REASONABLE ACCOMMODATIONS**

VILLAS AT UNIVERSITY SQUARE (the "Association") is committed to granting reasonable accommodations to its rules, policies, practices, or services when such accommodations may be necessary to afford people with disabilities an equal opportunity to use and enjoy their dwellings, to the extent required by federal, state, and local law. A reasonable accommodation may include a change or exception to a rule or policy that is needed because of a person's disability.

Reasonable Accommodation Request forms are available online, at the Property Manager's office, or by email. Requests for Reasonable Accommodation Request forms can be sent to the Association's Property Manager and may be returned in person at the Property Manager's office or by email to Association's Property Manager. If you require assistance in completing the form, please contact the Association's Property Manager. You may also make an oral request for reasonable accommodation by speaking with the Association's Property Manager, who will assist you in completing the required written forms.

The Association will keep a record of all requests for a reasonable accommodation. We will make a prompt decision on your request. If the request is of a time-sensitive nature, please let us know and we will expedite the decision-making process. In the event we need additional information to make a determination, we will promptly advise you of the information needed. It is the Association's policy to seek only the information necessary to verify whether you are a person with a disability and/or to evaluate if the reasonable accommodation is necessary to provide you an equal opportunity to use and enjoy our housing.

The Association may deny the requested accommodation if providing it would impose an undue financial and administrative burden on the Association or fundamentally alter the nature of the Association's operations. If we believe that the requested accommodation poses an undue financial and administrative burden or a fundamental alteration to the nature of the Association's operations, we will schedule a meeting at a mutually convenient time to discuss possible alternative accommodations that may meet your needs and would not impose such a burden or result in a fundamental alteration.

The Association will provide written notice detailing its final determination with regard to the requested accommodation in a reasonable time frame.

**APPLICATION FOR REASONABLE ACCOMMODATION**

PLEASE COMPLETE THIS FORM TO REQUEST AN ACCOMMODATION. IF YOU REQUIRE ASSISTANCE COMPLETING THIS FORM, PLEASE CONTACT <u>THE ASSOCIATION'S PROPERTY MANAGER.</u>

VILLAS AT UNIVERSITY SQUARE WILL KEEP A RECORD OF ALL REQUESTS FOR REASONABLE ACCOMMODATIONS.

NAME OF RESIDENT: _____

ADDRESS:              _____

TELEPHONE NUMBER: _____

PERSON REQUESTING ACCOMMODATION:              _____

RELATIONSHIP TO RESIDENT (IF NOT RESIDENT): _____

1.      Please describe the reasonable accommodation you are requesting:

2.      Please explain why this reasonable accommodation is needed. You need not
provide detailed information about the nature or severity of the disability:

3.      If you are requesting permission to keep an assistance animal in your apartment and
it is not readily apparent that the animal is a service animal as defined by the ADA, please
answer the following:

(a) Type of animal (for example, dog or cat): _____

(b) Are you requesting to be able to keep the animal because of a disability?

                          Yes        No

(c ) Does the animal for which you are making a reasonable accommodation
request perform work or do tasks for you related to your disability?

                          Yes        No

If the answer to 3(c) is YES:

i.      Provide a statement from a health or social service professional indicating that you have a disability (i.e., you have a physical or mental impairment that substantially limits one or more major life activities); and

ii.     Explain below how the animal has been trained to do work or perform tasks related to your disability or, if the animal lacks individual training, how the animal is able to do work or perform tasks that are related to your disability:

_____

_____

_____

_____

_____

_____

You may provide any additional information or documentation of the training or work you describe above and attach it to this application.

(e ) If the answer to 3(c) is NO:

If the animal for which you are making a reasonable accommodation request does not perform work or do tasks for you related to your disability, but provides emotional support or ameliorates one or more symptoms or effects of your disability, please submit a statement from a health or social service professional stating:

i. You have a disability (i.e., you have a physical or mental impairment that substantially limits one or more major life activities); and

ii. The animal would provide emotional support or other assistance that would ameliorate one or more symptoms or effects of your disability and how the animal ameliorates the symptoms or effect.

Please attach such a statement to this application. You may use, but *are not required to use*, Form A.

(f) VILLAS AT UNIVERSITY SQUARE may deny a request to keep an assistance animal on the premises if the animal poses a direct threat (i.e., a significant risk of

substantial harm) to the health or safety of other individuals that cannot be eliminated or reduced to an acceptable level by another reasonable accommodation, or if the animal would cause substantial physical damage to the property of others that cannot be reduced or eliminated by another reasonable accommodation. VILLAS AT UNIVERSITY SQUARE will base such a determination only upon reliable, objective evidence of the specific animal's actual behavior or conduct and not on speculation or fear about the types of harm or damage an animal may cause.

**FORM A – Assistance Animal Requests**

IF YOU ARE SEEKING PERMISSION TO KEEP AN ASSISTANCE ANIMAL THAT HAS NOT BEEN TRAINED TO DO WORK OR PERFORM TASKS, PLEASE HAVE A HEALTH OR SOCIAL SERVICE PROFESSIONAL COMPLETE THIS FORM OR PROVIDE SIMILAR DOCUMENTATION.

TO BE COMPLETED BY OR ON BEHALF OF THE RESIDENT OR PROSPECTIVE RESIDENT:

RESIDENT NAME: _____

ADDRESS: _____

TELEPHONE NO.: _____

I, _____(name of person filling out form), intend to request that VILLAS AT UNIVERSITY SQUARE permit _____(name of resident) to have an assistance animal as a reasonable accommodation for a disability. In connection with that application, I am requesting that you complete this form regarding the disability.

Resident Signature: _____

Date: _____

If person filling out form is not resident, state relationship to resident:_____ _____ _____ _____ _____

**TO BE COMPLETED BY A HEALTH OR SOCIAL SERVICE PROFESSIONAL:**

NAME:_____

TELEPHONE NUMBER:_____

ADDRESS:_____

1.      Does the individual identified above have a disability? A disability is a physical or mental impairment that substantially limits one or more major life activities.

Yes   No

2.       Does or would the assistance animal provide some type of disability-related assistance to the individual? One example of assistance is alleviating one or more of the symptoms or effects of a disability.

Yes    No

SIGNATURE: _____

TITLE: _____

DATE: _____